Dear Mayor Nugent:
Your request for an Attorney General's opinion regarding an incorporation date for the Village of Creola has been forwarded to me for research and reply.
According to your request, the Village of Creola held an election on October 7, 2000 that unanimously incorporated Creola. Within the thirty days following the election, a lawsuit opposing incorporation was filed in the 35th Judicial District Court. The suit was later dismissed with prejudice on January 9, 2001. Finally, on January 23, 2002, the State acknowledged your mayor and alderpersons. Your letter requests an opinion on the official date Creola was incorporated so that said information may be sent to the Secretary of Secretary of State's office.
LSA-R.S. 33:1(A) provides that residents of any unincorporated area with a population in excess of two hundred inhabitants may propose incorporation of the area. A petition proposing the incorporation must be signed by at least twenty-five percent of the electors residing in the area proposed for incorporation. LSA-R.S. 33:1(B). When proponents of the incorporation believe they have the signatures of at least twenty-five percent of the electors residing in the area, they shall file the petition with the registrar of voters for the parish in which the unincorporated area is located. LSA-R.S. 33:2(A). If the registrar determines that enough signatures are present, he or she will issue a certificate stating that the requisite signatures have been obtained and forward the certificate to the governor. LSA-R.S. 33:2(C).
The governor, upon finding that the petition complies with LSA-R.S. 33:1, will call a special election to allow the people of the unincorporated area to vote on its incorporation. If a majority of the voters vote in favor of incorporation, the municipality will be legally incorporated thirty days from the date of the publication unless a legal action contesting the incorporation is filed within thirty days. LSA-R.S. 33:3(D) (emphasis added). Because a suit opposing the *Page 2 
incorporation of Creola was filed within the thirty day limit, Creola could not have been incorporated as of thirty days from the date of the publication of the election results.
When a suit against the incorporation is filed, the district court must determine whether the provisions of R.S. 33:4 have been complied with and whether the municipality has the capacity to provide the proposed public services within a reasonable period of time. R.S. 33:4(E)(1). If the court answers both in the affirmative, the judge shall enter an order declaring the date of the municipality shall become incorporated. Id. In this case, however, there was no trial on the merits and no evidence produced to the trial court. Therefore, the trial judge was unable to enter an order declaring the date that the municipality would become incorporated as he otherwise would pursuant to R.S.33:4(E)(1). He did, however, enter an order dismissing the suit on January 9, 2002. It is the opinion of this office that January 9, 2002, the date the order dismissing the suit was issued, is the correct date of incorporation for Creola. The date cannot be any earlier as litigation challenging the incorporation was still pending.
Your request also states that the State acknowledged your mayor and aldermen on January 23, 2002. LSA-R.S. 33:6 provides that "the governor shall appoint all the officers of a newly incorporated municipality." Because the governor does not make these appointments until the municipality is "newly incorporated," January 23, 2002 cannot be the date of incorporation as that date would have to be earlier.
Based on the foregoing, it is the opinion of this office that the date of incorporation for the Village of Creola is January 9, 2002.
We trust this adequately responds to your request. If you have any additional questions or comments, please do not hesitate to contact our office.
Respectfully submitted,
 CHARLES C. FOTI, JR. Attorney General
 By:__________________________________ WILLIAM P. BRYAN, III Assistant Attorney General